JOHN J. GRYGIEL, *Admr. vs.* PETER F. GRYGIEL.

JUNE 18, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

156

See, also, 64 R. I. 444.

FLYNN, C. J. This action in assumpsit was brought by the plaintiff as administrator *c.t.a.* of the estate of Albert Grygiel, deceased, to recover the sum of $500 alleged to be an asset of that estate. After a jury in the superior court rendered a verdict for the plaintiff, the trial justice denied defendant's motion for a new trial. The case is here on defendant's exceptions to that and other rulings made in the course of the trial.

The transcript discloses the following facts. Plaintiff and defendant are brothers, being sons of Albert Grygiel, deceased. The father during his lifetime owned a savings account in the Centreville Savings Bank that stood in his own name. On May 28, 1935 he withdrew $500 therefrom and there is no direct evidence as to what he did with this money. However, eight days later, on June 5, 1935, a new account was opened in the same bank by the defendant under the form "Albert Grygiel, Peter F. Grygiel, Trustee".

The initial deposit was $300 and on August 12, 1935 a further deposit therein of $200 was made by defendant. Apart from addition of dividends, there was no further deposit in that account.

On April 20, 1936 the father visited one of his daughters, Mrs. Julia M. Skraba, who was ill in a hospital in Providence. The latter, upon seeing certain paid bills fall from her father's pocket, was prompted to inquire concerning some of his affairs. Thereupon the father disclosed that he had given some money to the defendant for the purpose of paying bills and that he also had loaned him some money. The amount thereof was not then or at any time disclosed in evidence. The father died suddenly on his way home from that visit.

On the next morning, April 21, 1936, defendant went to the bank early and withdrew the entire $500 from the account standing in the names "Albert Grygiel, Peter F. Grygiel, Trustee"; and he then deposited it in another account which he had opened in the names of "Annette Grygiel, Peter F. Grygiel, Trustee", Annette being the wife of the defendant. The defendant had several other accounts in that bank which he had opened and carried in the names of certain of his children and himself as trustee, all following the form as above set forth.

A year or two later defendant's sister, Mrs. Skraba, engaged an attorney to investigate her father's account in view of his disclosures to her and then learned for the first time of defendant's withdrawal of the $500 from that account. Defendant visited her upon her request, and she told him of the statements made by their father to her while at the hospital and also notified him of what her attorney had discovered. Defendant then and at all times denied receiving any such loan or any amounts from his father and asserted that all the money in that account was his own. He refused to turn it over to plaintiff who then brought this action. At the trial defendant explained that he kept the different accounts in the form described in order to protect him in the

event of automobile accident claims involving his car while it might be driven without his permission and while not covered by his own insurance. He did not explain why, in view of these other accounts, it was necessary to open an account in his father's name. There was other evidence which had some bearing upon the credibility of the respective witnesses.

The defendant contends that the admission, over objection, of certain evidence referred to in his first, second, third and fifth exceptions was erroneous in each instance. We find no exception in the transcript corresponding to the second exception appearing in his bill of exceptions. As to the others just mentioned, we have examined the evidence and we cannot say that any of the court's rulings thereon resulted in prejudicial error. While the materiality of most of this evidence may be questionable, it was not entirely irrelevant. At any rate the admission of it was not prejudicial error, since it appears substantially without objection elsewhere in the transcript. The first, second, third and fifth exceptions are overruled.

Defendant's fourth exception is to the disallowance of a question to the effect that defendant's deposits of $200 to $1200 were not extraordinary occurrences in his business. However, this evidence was given by the defendant later in the trial and was not contradicted. Therefore its disallowance under the fourth exception is not prejudicial and this exception is overruled.

Defendant's sixth exception relates to a refusal to admit in evidence a certain affidavit of a deceased person, which was made during the pendency of the case. Defendant contends that it was admissible under G. L. 1938, chap. 538, § 6, and if admitted "the jury would rightfully have considered the fact that the deceased had to expend whatever monies he had or at least a portion of his money for the payment of repairs to his house." Assuming that such affidavit was admissible notwithstanding that it was made *after* and not *before* the commencement of the action, and that the case of

*Bradley* v. *Quinn*, 53 R. I. 108, was entirely applicable to the circumstances here, we are of the opinion that the affidavit fails to show that the material facts therein were stated "upon the personal knowledge of the declarant" which is also a requirement of § 6.

Moreover, even assuming that it was otherwise admissible, there is nothing in the recitation of facts therein which requires the conclusion, as defendant argues, that the money withdrawn by the father must have been used by him to pay for the repairs that were only generally and indefinitely referred to in the affidavit. Indeed, there is no evidence from the affidavit or elsewhere as to any value of such repairs or that they were ever paid for by anybody. The affidavit is very general and indefinite and its exclusion, in the circumstances, was not prejudicial to the defendant. The sixth exception is overruled.

The seventh exception is to the denial of defendant's motion for direction of a verdict. The case was determinable upon conflicting evidence and inferences. If all of these are considered most favorably to the plaintiff, as they must be on this motion, there were material issues of fact to be determined by the jury in the first instance. The seventh exception is therefore overruled.

The eighth exception is to a certain comment of plaintiff's attorney in his argument to the jury wherein some reference was made to the will of the deceased and his desire to share his real and personal property equally among his children. Defendant's objection is premised upon an alleged total lack of evidence concerning the will and such a disposition of deceased's property. However, upon examination of the transcript, we find that the will itself was not introduced. but that there was direct evidence, without objection, which related to the will and its disposition of the real and personal property equally among the deceased's eight children. In view of this and of the correctness of the general charge that the jury must determine the issues upon the evidence and not upon the arguments of counsel, we find no prejudi-

cial error in the circumstances. The eighth exception is overruled.

The ninth exception is to the denial of defendant's motion for a new trial. As the trial justice stated, the case reduces itself to an ultimate factual issue and a simple one. The decisive question was whether the $500 deposited by defendant in the account previously described was his own money, as he contended, or was money belonging to his father, as the plaintiff contended. The evidence and inferences are conflicting. The credibility of the witnesses was most important in weighing the evidence. The jury apparently believed the plaintiff's evidence and the trial justice, who also had the opportunity of seeing and hearing the witnesses, was similarly impressed. He has expressly approved the verdict as being responsive to the real merits of the controversy. We find nothing in the trial justice's rescript to indicate that he failed to perform his duty in passing independently upon the verdict or that he misconceived the law or overlooked any material evidence. In these circumstances we are unable to say that the decision was clearly wrong. Therefore it comes within the well-established rule and the defendant's ninth exception is overruled.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*Patrick H. Quinn, George Roche,* for plaintiff.
*Raoul Archambault,* for defendant.